IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN REICHELLE, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 17-4995 |
| v. | : | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | : | |
| Defendant. | : | |

# ORDER

**AND NOW**, this 5th day of November, 2018, after considering (1) the complaint (Doc. No. 3), (2) the answer (Doc. No. 8), (3) the administrative record (Doc. No. 7), (4) the report and recommendation filed by United States Magistrate Judge Marilyn Heffley (Doc. No. 13), (5) the plaintiff's brief and statement of issues in support of the request for review (Doc. No. 9), (6) the defendant's response to the request for review (Doc. No. 10), (7) the plaintiff's reply's brief (Doc. No. 12), (8) the plaintiff's objections to the report and recommendation (Doc. No. 14), and (9) the defendant's response to the plaintiff's objections (Doc. No. 16); accordingly, it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to remove this matter from civil suspense and return it to the court's active docket;

2. The plaintiff's objections to the report and recommendation (Doc. No. 14) are **OVERRULED**;[1]

3. The report and recommendation (Doc. No. 13) is **APPROVED** and **ADOPTED**;

4. The plaintiff's request for review is **DENIED**;

5. The final decision of the Commissioner is **AFFIRMED**; and

6.      The clerk of court is **DIRECTED** to mark this matter as **CLOSED**.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] This court's review of the contested portion of the report and recommendation is plenary. The court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (emphasis added). "Review of a final decision of the Commissioner of Social Security, however, is limited to determining whether the decision is supported by substantial evidence." *Abney v. Colvin*, Civ. A. No. 13-6818, 2015 WL 5113315, at *3 (E.D. Pa. Aug. 31, 2015) (citations omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (internal quotation marks and citation omitted).

    The plaintiff raises four categories of objections to the report and recommendation ("R&R"), namely that Judge Heffley upheld the ALJ's determination even though the ALJ: (1) "did not reasonably explain his finding that plaintiff does not meet or equal the listing of impairment"; (2) "did not reasonably explain his assessment of plaintiff's residual functional capacity"; (3) "rejected medical opinion evidence without reasonable explanation"; and (4) "rejected plaintiff's testimony without reasonable explanation." Pl.'s Objs. to R&R ("Pl.'s Objs.") at 1, 4, 6, 10, Doc. No. 14. The court addresses each of the objections in turn.

    The plaintiff's first category of objections relate to Judge Heffley's determination that the ALJ properly conducted the impairment analysis of the plaintiff. Pl.'s Objs. at 1–4. The plaintiff objects to the impairment analysis because the ALJ allegedly failed to consider her mental and physical impairments in combination. *Id.* The court agrees with Judge Heffley's reasoned decision that the ALJ conducted the required analysis for two reasons. First, the ALJ's decision explicitly states that he considered the plaintiff's physical and mental impairments "singly and in combination." *See* Decision at 4, Doc. No. 7-2. If an ALJ makes such express statements, then the reviewing court is to find that such an analysis was performed unless the record provides a "reason not to believe him." *Morrison v. Comm'r of Soc. Sec.*, 268 F. App'x 186, 189 (3d Cir. 2008). Second, the record reflects that the ALJ considered the impairments in combination. *See* Tr. of Oral Hr'g at 36, Doc. No. 7-2. For example, when the ALJ questioned the vocational expert regarding the types of work the plaintiff could perform based on her impairments, the ALJ considered both her mental and physical impairments. *See id.* at 60–61. Specifically, the ALJ asked the vocational expert whether, with the plaintiff's ability to perform activities such as standing, sitting, and reaching (i.e., her physical impairments) combined with her limited ability to be around the public (i.e., her mental impairments) whether positions were available for her to work in the national economy. *Id.* This type of record evidence supports the ALJ's statements that he considered the plaintiff's mental and physical ailments in combination. *See Williams v. Barnhart*, 87 F. App'x 240, 243 (3d Cir. 2004) (rejecting argument that ALJ failed to consider claimant's impairments in combination, in part, because "[t]he ALJ's hypothetical question to the vocational expert included limitations based on each impairment Williams has"). Therefore, because the record included express statements from the ALJ that he considered the plaintiff's mental and physical impairments "singly and in combination" and such statements are supported by the ALJ's questions in the record, the court agrees with Judge Heffley's R&R and overrules this objection. *See* R&R at 7–10.

    The court also finds that Judge Heffley did not, contrary to the plaintiff's objection, state that the plaintiff's impairments only need to be considered in combination when they are "inextricably linked." Pl.'s Objs. at 3. This objection relates to the plaintiff's argument that the ALJ had to find her disabled based on *Lester v. Chater*, 81 F.3d 821 (9th Cir. 1995). The court finds this objection to be without merit because the court agrees with Judge Heffley's reasoned analysis finding the present case distinguishable from *Lester*. *See* R&R at 8–9 (citing *Scott v. Berryhill*, Civ. A. No. 16-3736, 2018 WL 1660322, at *9 (E.D. Pa. Mar. 16, 2018), *rep. and recommendation adopted*, 2018 WL 1635650 (E.D. Pa. Apr. 4, 2018)).

    The plaintiff's second category of objections pertain to Judge Heffley's determination that the ALJ reasonably explained his residual functional capacity ("RFC") analysis, namely that the ALJ's decision was

conclusory, the ALJ failed to include certain evidence from Dr. Hua Yang ("Dr. Yang") in the RFC assessment, the ALJ did not fairly represent the plaintiff's anxiety disorder, and Judge Heffley minimized the plaintiff's mental health issues because they are partially caused by her family life. *See* Pl.'s Objs. at 4–5.

As to the plaintiff's objection that the ALJ's decision was conclusory, the Third Circuit requires an "ALJ to set forth the reasons for his decision." *Burnett v. Comm'r of Soc. Sec.,* 220 F.3d 112, 119 (3d Cir. 2000). The ALJ satisfies this standard by providing a "sufficient framework of reasoning for a court to conduct meaningful judicial review of the ALJ's decision." *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 93 (3d Cir. 2007) (internal quotation marks and citations omitted). With respect to an RFC determination, "the ALJ must consider all evidence before him. Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Burnett*, 220 F.3d at 121 (internal citations omitted). This standard requires the ALJ to "mention and refute some of the contradictory medical evidence before him." *Id.* With respect to subjective allegations, "allegations of pain and other subjective symptoms must be consistent with objective medical evidence," however, "the ALJ must still explain why he is rejecting the testimony." *Id.* (internal citation omitted). Here, the court agrees with Judge Heffley's reasoned opinion that the ALJ sufficiently explained his opinion because the ALJ's opinion outlines the evidence he considered, how he considered such evidence, and, where appropriate, the weight afforded to each.

The plaintiff objects that certain restrictions identified by Dr. Yang, a non-treating physician, were not included in the ALJ's RFC analysis. *See* Pl.'s Objs. at 5. An RFC determination is an independent decision made by the ALJ, *see* 20 C.F.R. § 416.946(c), and "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." *Titterington v. Barnhart*, 174 F. App'x 6, 11 (3d Cir. 2006). Therefore, the court agrees with Judge Heffley's reasoned decision that the ALJ was not required to adopt all the limitations identified by Dr. Yang in the RFC assessment. *See* R&R at 14.

The plaintiff also objects that the ALJ and Judge Heffley failed to properly "represent the record" and Judge Heffley substituted her own judgment for medical evidence in the record. *See* Pl.'s Objs. at 5. The court finds that both the ALJ and Judge Heffley accurately described the record. For example, the plaintiff specifically objects to Judge Heffley's assertion that the plaintiff's mental health examinations were "generally benign" and that she "responded well to medication." *Id.* Both the ALJ's and Judge Heffley's descriptions of the plaintiff's mental health examinations and response to medication are taken directly, and accurately, from the record. *See, e.g.*, Admin. R. at 549 (describing plaintiff as having taken Klonopin for "several years" and as "stable"), Doc. No. 7-12. As to her objection that Judge Heffley improperly substituted her own lay opinion for medical opinions, the court overrules this objection because, *inter alia*, Judge Heffley's statement regarding the potential correlation between the plaintiff's home life and mental anxiety merely summarizes the numerous pieces of record evidence cited in the R&R. *See, e.g.*, R&R at 17 (citing Admin. R. at 270 (describing plaintiff's family life as "remain[ing] stressful"), Doc. No. 7-8).

The plaintiff's third category of objections relate to the ALJ's consideration of testimony provided by Lauren Krug, Ph.D. ("Dr. Krug") and Sara B. Lemley, C.R.N.P. ("Lemley"). *See* Pl.'s Objs. at 6–10. As to Dr. Krug, Judge Heffley found that substantial evidence supports the ALJ's decision to afford the opinion "little weight" and this court agrees. Judge Heffley correctly noted that the ALJ was not required to give Dr. Krug's opinion "controlling weight" because she is not a "treating source." *See* 20 C.F.R. § 404.1527(a)(2) (defining "treating source" as "your own acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you"). Dr. Krug evaluated the plaintiff once and solely for purposes of a consultative examination. *See* Admin. R. at 445 (indicating that Dr. Krug examined plaintiff "for a consultative examination"), Doc. No. 7-10. In addition, as explained by Judge Heffley, the administrative record included evidence that was inconsistent with Dr. Krug's opinion. *See* R&R at 22–23 (identifying record evidence inconsistent with Dr. Krug's opinion).

Considering the record as a whole, an ALJ is permitted to reduce the weight afforded to a medical opinion because of conflicting record evidence. *See* 20 C.F.R. § 404.1527(a)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."); *Brown v. Astrue*, 649 F.3d 193, 196 (3d Cir. 2011) (explaining that ALJ "is entitled to weigh all evidence in making its finding"). Here, regardless of the label given to the record evidence by the ALJ and Judge Heffley, the treatment notes of Lemley conflicted with the opinion of Dr. Krug. The treatment notes stated that the plaintiff's anxiety improved with prescription drug treatment and described her "mood and affect" as "normal." *See, e.g.*, Admin. R. at 265, 272, Doc. No. 7-8. Judge Heffley reviewed this evidence to determine whether substantial evidence in the record supported the ALJ's decision. *See* R&R at 22. Such a review does not constitute Judge Heffley improperly substituting her

own "lay medical judgment" for "expert medical opinion evidence." Pl.'s Objs. at 8. Therefore, the plaintiff's objections related to Dr. Krug's opinion are overruled.

As to Lemley's opinion that the plaintiff is disabled, the ALJ afforded this opinion "little weight" because "it infringe[d] on a finding reserved for the Commissioner of Social Security, does not contain any function-by-function limitations, and is not consistent with the physical examinations or mental status exams in the record." Decision at 8. The court agrees with Judge Heffley's analysis which correctly determined that the ALJ was not required to afford Lemley's two-sentence opinion that the plaintiff is "disabled" and unable to "obtain gainful employment" greater weight because such a determination is reserved solely for the Commissioner. 20 C.F.R. § 416.927(d)(1) (reserving opinions that a claimant is disabled to Commissioner); Admin. R. at 467 (Lemley's statement in letter that "[a]t this time, [the plaintiff] is disabled"), Doc. No. 7-10. While not raised by the plaintiff, it does appear that the ALJ considered opinions by Lemley in the record provided via notes in the plaintiff's treatment history separate from Lemley's opinion that the plaintiff is not disabled. *Compare* Decision at 7 (citing Ex. 2F at 69) (describing plaintiff's treatment for anxiety) *with id.* at 8 (describing Lemley's opinion as her statement that plaintiff is "disabled at this time"). Therefore, the court overrules the plaintiff's objections with respect to the weight the ALJ afforded Lemley's opinion.

The plaintiff's final category of objections concerns the ALJ's evaluation of her credibility. *See* Pl.'s Objs. at 10–11. "An ALJ must give subjective complaints serious consideration, . . . and ma[k]e specific findings of fact, including credibility, as to [a plaintiff's] residual functional capacity." *Brown*, 649 F.3d at 197 (alterations in original) (internal citations and quotation marks omitted). Here, the court agrees with Judge Heffley that the ALJ gave the plaintiff's subjective complaints such consideration. Specifically, the ALJ determined that "the claimant's medically determinable impairments could reasonably be expected to produce [her] alleged symptoms; however, the claimant's statements concerning the intensity, persistence[,] and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." Decision at 6. The ALJ goes on to identify specific record evidence which conflicted with the plaintiff's testimony. For example, the plaintiff testified that she fell often and has trouble standing; however, according to Dr. Yang, the plaintiff did not use any assistive devices during her consultative examination and, in his opinion, she does not require a cane to ambulate. Decision at 7. In addition to describing specific medical evidence that conflicted with the plaintiff's testimony, the ALJ also explained the weight he afforded certain non-medical testimony, *i.e.*, testimony of the plaintiff's friend and husband. Decision at 8–9; *see Burnett*, 220 F.3d at 122 (finding that ALJ failed to "consider and weigh all of the non-medical evidence before him" because ALJ disregarded testimony of husband and neighbor provided to "bolster" plaintiff's credibility). Thus, the court agrees with Judge Heffley's determination that the ALJ's credibility analysis of the plaintiff is supported by substantial evidence in the record. *See* R&R at 24–27.